UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EARNEST DAVIS | * | CIVIL ACTION NO.: |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| DALICE, INC., PROTECTIVE INSURANCE COMPANY, TARIUS SMITH, ARRIS JONES, AND FEDEX GROUND PACKAGE SYSTEM, INC. | * * * * | **JURY TRIAL** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA**

**NOW INTO COURT,** through undersigned counsel, come Defendants, Dalice, Inc., Protective Insurance Company, and FedEx Ground Package System, Inc. (hereinafter collectively referred to as "Defendants") which respectfully aver as follows:

I.

On or about March 7, 2016, Plaintiff, Earnest Davis, filed a Petition for Damages in the Twenty First Judicial District Court for the Parish of Tangipahoa, State of Louisiana, naming Dalice, Inc., Protective Insurance Company, and Tarius Smith as Defendants. That suit bears docket number 2016-0000672, was assigned to Division C, and is captioned "*Earnest Davis v. Dalice, Inc., Protective Insurance Company, Tarius Smith,*

*Arris Jones, and FedEx Ground Package System, Inc.*".  A copy of this Petition for Damages is attached hereto as Exhibit "A".

II.

Service of the original Petition for Damages was requested upon Dalice, Inc., through its registered agent, pursuant to the Louisiana Long Arm Statute, and Dalice, Inc. was served with the Petition for Damages on or about March 22, 2016.

III.

Service of the original Petition for Damages was requested upon Tarius Smith, a non-resident, through the Secretary of State, and Mr. Smith was served with the Petition for Damages via the Louisiana Secretary of State on or about March 15, 2016.  No Affidavit of Service regarding Tarius Smith has been filed into the record, and therefore valid service of process has not been effected upon him.

IV.

Service of the original Petition for Damages was requested upon Protective Insurance Company through the Secretary of State, and Protective Insurance Company was served on or about March 18, 2016.

V.

Plaintiff filed an Amended Petition for Damages on March 30, 2016, prior to the deadline of any Defendant to file responsive pleadings;  in the Amended Petition for Damages, Plaintiff named Arris Jones, a Louisiana resident, as a Defendant, and Plaintiff amended Paragraph 13 of the original Petition for Damages to allege "…that the amount in dispute is greater than $75,000".  The Amended Petition for Damages filed on March 30, 2016 is attached hereto as Exhibit "B".

VI.

Tarius Smith and Protective Insurance Company were served with the Amended Petition for Damages through the Secretary of State on or about April 8, 2016. Dalice, Inc. was served with the Amended Petition for Damages via the Long Arm Statute on or about April 18, 2016. See Exhibit "B".

VII.

On May 6, 2016, in response to the Petition for Damages and to the Amended Petition for Damages, Dalice, Inc. and Protective Insurance Company filed "Defendants' Dilatory Exception of Vagueness, Ambiguity, and Non-Conformity of Plaintiff's Petitions, and Answer to Plaintiff's Petition for Damages and Amended Petition for Damages", which is attached hereto as Exhibit "C". Therein, Defendants established that the allegations against Arris Jones in the Amended Petition were overly vague, ambiguous and insufficient to put Defendants on notice of the nature of facts sought to be proven against Arris Jones. No responsive pleading was filed on behalf of Tarius Smith, as no Affidavit of Service or proof of service as to either the original Petition for Damages or the Amended Petition for Damages was filed into the record.

VIII.

In his original Petition for Damages, Plaintiff alleged that on or about April 15, 2015, he was driving a 1998 Chevrolet Silverado southbound on Interstate 55 towing another vehicle which was being steered by Arris Jones. Plaintiff alleged that at the same time, Tarius Smith was driving a 2009 International Tractor with a 2007 Great Dane trailer in tow southbound on Interstate 55. Plaintiff alleged that both his truck and the car he was towing, which car was being steered by Arris Jones were fully illuminated by all standard

3

factory operating lights.  Plaintiff further alleged that Tarius Smith was not paying attention to the roadway and due to the high rate of speed he was traveling, he collided with the rear of the towed vehicle operated by Arris Jones, and then with the truck operated by Plaintiff.  Plaintiff further alleged that Protective Insurance Company issued a policy of insurance that provided coverage for the vehicle operated by Tarius Smith.  See Exhibit "A".

IX.

In the Amended Petition for Damages, Plaintiff alleged that Arris Jones was the driver of the vehicle being towed and was domiciled in Hammond, Louisiana.  However, although Plaintiff named Arris Jones as a defendant in the Amended Petition for Damages, Plaintiff failed to offer any facts to support that Arris Jones was negligent; indeed, Plaintiff did not make any specific allegations of fault upon which Jones' alleged negligence or liability could be predicated.  See Exhibit "B".

X.

On or about May 31, 2016, and in response to the Defendants' Dilatory Exception, Plaintiff filed a Motion and Order for Leave to File Second Amended Petition and Second Amended Petition for Damages.   A copy of this Motion and Order for Leave to File Second Amended Petition and the Second Amended Petition are attached *hereto in globo* as Exhibit "D".

XI.

FedEx Ground Package System, Inc. was served with the Second Amended Petition for Damages on or about June 16, 2016.  Upon information and belief, there has been no return of service of Tarius Smith or Arris Jones.

XII.

In the Second Amended Petition for Damages, Plaintiff alleged:

> Should the finder of fact conclude that the vehicle being operated by Arris Jones did not have its required lights operating at the time of the accident, Plaintiff pleads in the alternative that the accident occurred in part to the negligence of Arris Jones in the following particulars, among other which may be shown at trial to-wit:
>
> a) Failure to have required illumination operating on vehicle;
> b) Failure to abide by LA R.S. 32:384
>
> As well as any and all other acts of negligence, either through omission or commission, which may be shown at the time of trial, on the part of Arris Jones, all of which acts of negligence are in violation of the statutes of the State of Louisiana, and the ordinances of the Parish of Tangipahoa all of which are pleaded herein as though copied in extensor for all purposes.

See Exhibit "D" at pp. 1-2.

XIII.

On June 6, 2016, the Twenty First Judicial District Court for the Parish of Tangipahoa, State of Louisiana executed the order granting leave of court for Plaintiff to file the Second Amended Petition for Damages. See Exhibit "D" at p. 3.

XIV.

It was not facially apparent from either the Petition for Damages or the Amended Petition for Damages that the case was removable. In the original Petition for Damages, no allegations were made to establish that the amount in controversy exceeded $75,000.00. Instead, the Petition for Damages merely made general allegations of injuries and damages. Then, in the Amended Petition for Damages, Plaintiff added as a defendant Arris Jones, whom he alleged is domiciled in the State of Louisiana, thus destroying diversity of citizenship. Even though Plaintiff also amended his original Petition to allege that "the amount in dispute is greater than $75,000.00", his addition of

5

Arris Jones as a defendant precluded diversity of citizenship and thus it was not facially apparent that the case was removable.

XV.

Plaintiff did not make any actual allegations of fault against Arris Jones in his Amended Petition for Damages upon which his liability could be predicated. Accordingly, Defendants, Dalice, Inc. and Protective Insurance Company, filed a Dilatory Exception of Vagueness, Ambiguity and Non-Conformity seeking an Order from the Court to require Plaintiff to clarify his allegations and make specific allegations of fault against Arris Jones. Plaintiff's Second Amended Petition which was considered as filed on June 6, 2016 was the first pleading from which Defendants could ascertain that the case was removable to federal court, as it was the first indication that Plaintiff's addition of Arris Jones as a defendant constituted a fraudulent and/or improper joinder, such that complete diversity of citizenship existed among the parties that were properly joined.

XVI.

This Notice of Removal is filed within thirty (30) days of receipt of a copy of the Second Amended Petition for Damages from which it was first ascertained that the case is one which is removable pursuant to 28 U.S.C. § 1446(b)(3).

XVII.

Plaintiff, Earnest Davis, is a citizen of the State of Louisiana. See Exhibit "A".

XVIII.

Defendant, Dalice, Inc., is a foreign corporation organized under the laws of the State of Tennessee, maintaining its principal place of business in the State of Tennessee.

Thus, Dalice, Inc. is a citizen of the State of Tennessee.  See the Business Entity Detail of Dalice, Inc., attached hereto as Exhibit "E".

XIX.

Defendant, Protective Insurance Company, is a foreign insurance company organized under the laws of the State of Indiana maintaining its principal place of business in the State of Indiana.  See the Business Details of Protective Insurance Company, attached hereto as Exhibit "F".

XX.

Defendant, Tarius Smith, who has not yet been properly served, is a citizen of the State of Mississippi.  See Exhibit "A".

XXI.

Defendant FedEx Ground Package System, Inc. is a foreign corporation organized under the laws of the State of Delaware and maintaining its principal place of business in Pennsylvania.  See the Entity Details of FedEx Ground Package System, Inc., attached hereto as Exhibit "G".

XXII.

Although Arris Jones is a citizen of the State of Louisiana, Plaintiff has improperly and/or fraudulently named him as a defendant herein, in an effort to destroy diversity of citizenship amongst the parties.  There is no reasonable basis for imposing liability on Arris Jones.  The only allegations of fault asserted by Plaintiff against Arris Jones in the Second Amended Petition for Damages were that Jones was negligent for "failure to have required illumination operating on [his] vehicle", and "failure to abide by LA R.S. 32:384", which sets forth certain requirements for towed vehicles.  Defendants submit that no

liability can be imposed upon Jones on that basis, because those are duties of the operator of the towing vehicle, and are not the duties of the person steering his disabled vehicle behind the towing vehicle. Plaintiff has admitted in his Petition that he was operating his truck and was towing Arris Jones' vehicle, which was occupied by Arris Jones.  As such, Plaintiff has improperly or fraudulently joined Arris Jones as a defendant herein.

XXIII.

Accordingly, there is complete diversity of citizenship between the Plaintiff and all properly joined Defendants herein.

XXIV.

In accordance with the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (a) and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441, in that, it is a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and is between citizens of different states.

XXV.

Defendant, Tarius Smith, has not been validly served under the Louisiana Long-Arm Statute as the state court record is devoid of any Affidavit of Service or other evidence regarding effective service of any of Plaintiff's Petitions upon him, as required by La. R. S. §§ 13:3204, 3205, 3474 and 3475.  In any event, if and when Tarius Smith is validly served, and all requirements of the Non-Resident Motorists Statute and/or the Long-Arm Statute are satisfied, then undersigned counsel will file the appropriate responsive pleading on his behalf.  Further, Tarius Smith consents to this removal by

Defendants, Dalice, Inc., Protective Insurance Company, and FedEx Ground Package System, Inc.

XXVI.

Because Arris Jones was joined improperly and/or fraudulently, no consent to removal by him is required.

XXVII.

In accordance with 28 U.S.C. § 1446(d), Defendants will provide appropriate notice of this Removal to the Parties and to the Clerk of Court for the Twenty First Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

## JURY DEMAND

Defendants are hereby entitled to and request a trial by jury on all issues herein.

WHEREFORE, Defendants, Dalice, Inc., Protective Insurance Company, and FedEx Ground Package System, Inc. pray that the action entitled "*Earnest Davis v. Dalice, Inc., Protective Insurance Company, Tarius Smith, Arris Jones, and FedEx Ground Package System, Inc.*", bearing docket number 2016-0000672, and assigned to Division C of the Twenty First Judicial District Court for the Parish of Tangipahoa, State of Louisiana, be removed from that state court docket to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted:

*/s/ Philip D. Lorio IV*

_____
**C. MICHAEL PARKS, #19727**
**GERARD J. DRAGNA, #23042**
**ERIC WINDER SELLA, #33474**
**PHILIP D. LORIO IV, #34648**
Mouledoux, Bland, Legrand & Brackett L.L.C.
701 Poydras Street, Suite 4250
New Orleans, Louisiana 70139
Telephone: (504) 595-3000
Facsimile:  (504) 522-2121
Email: gdragna@mblb.com
Email: mparks@mblb.com
Email: esella@mblb.com
Email: plorio@mblb.com
**ATTORNEYS FOR DEFENDANTS, DALICE, INC., PROTECTIVE INSURANCE COMPANY, AND FEDEX GROUND PACKAGE SYSTEM, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 29th day of June, 2016, at their last known address of record.

*/s/ Philip D. Lorio IV*

_____
**PHILIP D. LORIO IV**

H:\1204\15516 - ARRIS JONES - EARNEST DAVIS\PLEADINGS - EARNEST DAVIS\Removal\Notice of Removal.docx